1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LYRALISA LAVENA STEVENS,

11              Petitioner,                    No. 2:12-cv-0239 KJN P

12        vs.

13   SINGH VI MAL, et al.,

14              Respondent.              ORDER

15   _____/

16              Petitioner, a state prisoner proceeding without counsel, has filed an action on a

17   form for a petition for a writ of habeas corpus.  While not entirely clear, it appears petitioner

18   seeks curative surgery to conclude therapy.  (Dkt. No. 1 at 4.)  Petitioner appends a Health Care

19   Services Request form signed by RN L. Yuson, which recommends sexual reassignment surgery,

20   "if covered by current insurance."  (Id.)  Petitioner contends the denial of surgery violates her

21   constitutional rights to due process and equal rights.  Despite filing her claim on a habeas form,

22   petitioner references "conditions of confinement" throughout the petition.  Petitioner also

23   provides a copy of the docket sheet for her civil rights action, Stevens v. Knowles, 2:08-cv-1675

24   AHM OP (C.D. Cal.), which was closed on February 27, 2012.  Id., Dkt. No. 89.

25              A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254

26   challenges the *fact or duration* of a petitioner's conviction.  By contrast, a civil rights action

1   brought pursuant to 42 U.S.C. § 1983, challenges the *conditions* of the prisoner's confinement.

2   Because petitioner's claims do not challenge her custody, they are not appropriate for a § 2254

3   action.

4           The court may construe a habeas petition as a civil rights complaint.  See Tucker

5   v. Carlson, 925 F.2d 330, 332 (9th Cir. 1992).  While petitioner exhausted her state court

6   remedies, it is unclear whether she exhausted her administrative remedies prior to filing this

7   action.[1]  The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

8   provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

9   § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

10  facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

11  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S.

12  516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of

13  confinement, whether they involve general circumstances or particular episodes, and whether

14  they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

15          Because it is unclear whether petitioner first exhausted her administrative

16  remedies, the petition will be dismissed, but petitioner is granted leave to file an amended civil

17  rights complaint.  If petitioner opts to file an amended civil rights complaint, petitioner is

18  required to pay the statutory filing fee of $350.00, 28 U.S.C. §§ 1914(a), 1915(b)(1), which will

19  be deducted from her inmate trust account.  If petitioner has not exhausted her administrative

20  remedies through the third level of review, petitioner may opt to voluntarily dismiss this action.

21  If petitioner chooses to voluntarily dismiss this action, the court will not assess the $350.00 filing

22  fee.  The court defers ruling on petitioner's request to proceed in forma pauperis until petitioner

23  files her notice of election.

24  _____

25          [1] The distinctions between exhausting a civil rights claim and a habeas claim were
    previously explained to petitioner in her civil rights action filed in the Central District.  Stevens
    v. Knowles, 2:08-cv-1675 AHM OP (C.D. Cal.), Report and Recommendation filed October 24,
26  2011 at 20.

1          The court is required to screen complaints brought by prisoners seeking relief

2 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

3 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

4 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

5 granted, or that seek monetary relief from a defendant who is immune from such relief.

6 28 U.S.C. § 1915A(b)(1),(2).

7          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

14 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

15 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

16 1227.

17          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

18 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

21 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

22 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

24 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

25 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

26 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

1   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

2   as true the allegations of the complaint in question,  id., and construe the pleading in the light

3   most favorable to the petitioner.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v.

4   County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

5         Here, petitioner names J. Clark Kelso, federal receiver, Prison Health Care

6   Services, and Matthew Cate, Secretary of the California Department of Corrections and

7   Rehabilitation, as respondents.  The Civil Rights Act under which this action was filed provides

8   as follows:

9             Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the

10            deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at

11            law, suit in equity, or other proper proceeding for redress.

12  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13  actions of the defendants and the deprivation alleged to have been suffered by petitioner.  See

14  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

15  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

16  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

17  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

18  another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

19  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

20  legally required to do that causes the deprivation of which complaint is made."  Johnson v.

21  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22        Moreover, supervisory personnel are generally not liable under § 1983 for the

23  actions of their employees under a theory of respondeat superior and, therefore, when a named

24  defendant holds a supervisorial position, the causal link between him and the claimed

25  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

26  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

1  <u>Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979) (no liability where

2  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

3  involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board</u>

4  <u>of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

5  personal participation is insufficient).

6          Thus, in any amended complaint, petitioner must clearly identify individual

7  defendants and link each to factual allegations that petitioner claims constitute a constitutional

8  violation.  If petitioner's claims against Kelso or Cate are based solely on a theory of respondeat

9  superior, petitioner should not include these individuals in any amended complaint.

10          In the petition, petitioner did not set forth her arguments and medical facts.

11  Although she referred to attached arguments and medical facts, petitioner attached a copy of the

12  denial of her petition for writ of habeas corpus by the California Supreme Court, an article

13  concerning the "Harry Benjamin Standards of Care," a copy of the docket sheet from her civil

14  rights case filed in the Central District, and a copy of petitioner's November 21, 2011 filing in

15  the Central District case.  The Clerk of the Court will be directed to send petitioner the form for

16  filing a civil rights action.  If petitioner chooses to amend to file a civil rights action, petitioner is

17  cautioned that she must include charging allegations as to each named defendant, and clearly

18  identify what actions each individual took that petitioner contends violated her constitutional

19  rights.  While petitioner may refer to exhibits, petitioner may not simply rely on exhibits to

20  identify her claims; the claims and the supporting facts must be contained within the amended

21  complaint so that the court and the named defendants are put on notice of her specific allegations.

22          If petitioner chooses to amend the complaint, petitioner must demonstrate how the

23  conditions about which she complains resulted in a deprivation of petitioner's constitutional

24  rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific

25  terms how each named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C.

26  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

1  claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

2  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

3  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

4  268 (9th Cir. 1982).

5          In addition, petitioner is hereby informed that the court cannot refer to a prior

6  pleading in order to make petitioner's amended complaint complete.  Local Rule 220 requires

7  that an amended complaint be complete in itself without reference to any prior pleading.  This

8  requirement exists because, as a general rule, an amended complaint supersedes the original

9  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files an amended

10  complaint, the original pleading no longer serves any function in the case.  Therefore, each claim

11  and the involvement of each defendant must be sufficiently alleged.

12          Finally, petitioner requested the appointment of counsel.  There currently exists no

13  absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d

14  453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

15  any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing

16  § 2254 Cases.  In the present case, the court does not find that the interests of justice would be

17  served by the appointment of counsel at the present time.  Petitioner's request is denied.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  The petition for writ of habeas corpus is dismissed.

20          2.  Within thirty days from the date of this order, petitioner shall complete the

21  attached Notice of Election and submit the following documents to the court:

22                  a.  The completed Notice of Election; and

23                  b.  If petitioner opts to file an amended complaint, an original and one

24                      copy of the Amended Complaint.

25  Petitioner's amended complaint shall comply with the requirements of the Civil Rights Act, the

26  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint."
Failure to file an amended complaint in accordance with this order may result in the dismissal of
this action.

      3.  The Clerk of the Court is directed to send petitioner the form for filing a civil
rights complaint.

      4.  Petitioner's January 30, 2012 request for appointment of counsel (dkt. no. 3) is
denied without prejudice.

DATED:  March 16, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stev0239.14

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LYRALISA LAVENA STEVENS,

11            Petitioner,              No. 2:12-cv-0239 KJN P

12        vs.

13   SINGH VI MAL, et al.,             NOTICE OF ELECTION

14            Respondent.

15   _____/

16        Petitioner elects the following option, pursuant to the court's order filed

17   _____:

18         _____     Petitioner elects to voluntarily dismiss

19                            this action.

20         OR

21         _____     Amended Complaint (election of this option

22                            will incur the $350.00 filing fee as required

23                            under 28 U.S.C. § 1915.)

24   DATED:

25                            _____

26                            Petitioner