IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYRALISA LAVENA STEVENS,

    Plaintiff,                               No. 2:12-cv-0239 KJN P

    vs.

MATTHEW CATE, et al.,

    Defendants.                           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on July 5, 2012. (Dkt. No. 11.) The court screened plaintiff's complaint, and found service was appropriate for defendants Cate, Vimal, and Bick. (<u>Id.</u>) On July 25, 2012, plaintiff filed a motion[1] stating that she also intended to name J. Clark Kelso, federal receiver, as a defendant. However, plaintiff failed to specifically name Kelso as a defendant in the form amended complaint. (Dkt. No. 10 at 2.) Thus, the court construes plaintiff's motion as a motion to file a second amended complaint to name Kelso as a defendant.

////

---

[1] Plaintiff styled her motion as a "motion to modify judgment for injunctive relief." (Dkt. No. 14.) However, no "judgment for injunctive relief" has been entered.

1

First, because plaintiff did not name Kelso as a defendant in the form amended complaint, plaintiff must provide a proposed second amended complaint along with a motion to amend. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Moreover, the amended complaint must make clear the names of the individuals plaintiff is naming as defendants in this action. Because plaintiff did not submit a proposed second amended complaint, the court is unable to evaluate it, and the motion is denied without prejudice.

Second, it appears plaintiff seeks to name Kelso as a defendant based solely on his role as federal receiver. Attached as exhibit A to the amended complaint are portions of plaintiff's previously-filed petition for writ of habeas corpus. That document identified Kelso as a party in the habeas action, and included allegations that Kelso administers the medical care services program for the California Department of Corrections ("CDCR"), and allegedly controls plaintiff's access to sex reassignment surgery. (Id. at 14-15.) Plaintiff also alleges that the

> California Prison Health Care Services' publication "In Focus: A Primary Care Provider's Survival Guide," a publication from [Kelso's] office, includes the NCCHC's[2] statement recommending that treatment decisions regarding sex reassignment surgery be made on a case by case basis.

(Dkt. No. 10 at 18.)

However, as a federal receiver, Kelso is entitled to quasi-judicial immunity. Quasi-judicial immunity[3] is derived from the long-recognized common law doctrine of judicial

---

[2] "NCCHC" is the acronym for the National Commission on Correctional Health Care. (Dkt. No. 10 at 17.)

[3] This doctrine is also referred to as "derivative judicial immunity." See New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1303 (9th Cir. 1989). The Ninth Circuit noted that

> cases from other circuits have held uniformly that state court-appointed receivers are entitled to absolute immunity. They start with the premise that "receivers are court officers who share the immunity awarded to judges." Kermit Const. v. Banco Credito Y Ahorro Ponceno, 547 F.2d 1, 2 (1st Cir. 1976) [additional citations

immunity. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Partly to promote the use of the appellate process, acts performed by judges that relate to the judicial process are immune from attack. Id. Quasi-judicial immunity is immunity that extends to nonjudicial officers for "claims relating to the exercise of judicial functions." Id. (quoting Burns v. Reed, 500 U.S. 478, 499 (1991)). In other words, quasi-judicial immunity protects nonjudicial officers because their decisions are "functionally comparable" to those of a judge involving the exercise of discretion. Antoine v. Byers & Anderson, 508 U.S. 429, 436 (1993).

Kelso was appointed to be the receiver for CDCR's health care system. See Plata v. Schwarzenegger, et al., C01-1351-TEH (N.D. Cal. Jan. 23, 2008) (class action constitutional challenge to the adequacy of medical care provided throughout the California state prison system). Upon Kelso's appointment as receiver in 2008, the district court stated that "[t]he Receivership must continue to maintain its independence as an arm of the federal courts established to take over state operations. . . ." Id. at 5. The district court ordered that "[a]ll powers, privileges, and responsibilities of the Receiver, as set forth in the Court's February 14, 2006 Order Appointing Receiver, shall continue in full effect, except as modified by subsequent orders. . . ." Id. In the February 14, 2006 Order Appointing Receiver, the district court ordered that

> [t]he Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court.

Id. at 6. Those judicial immunities extend to immunity from suit. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial

---

omitted]. Absent broad immunity, receivers would be "a lightning rod for harassing litigation aimed at judicial orders." Kermit, 547 F.2d at 3 [footnote omitted].

Guetschow, 869 F.2d at 1303.

jurisdiction . . . ."); see also Coleman v. Schwarzenegger, 2007 WL 4276554 (E.D. Cal. Nov. 29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the Court as the Court's officer" had judicial immunity).  "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991).  There are two primary exceptions to the absolute judicial immunity:  first, where the judge's action is "not taken in the judge's judicial capacity"; and second, where the judge's action, "though judicial in nature, is taken in the complete absence of all jurisdiction." Id. at 11-12.

In the instant case, plaintiff alleges Kelso "is the Federal Receiver appointed . . . to administer the CDCR's medical care services program." (Dkt. No. 10 at 14-15.)  Thus, plaintiff asserts that Kelso failed to act in his role as Receiver and there is no allegation that Kelso acted "in the complete absence of all jurisdiction."  Accordingly, the court finds that Kelso is entitled to quasi-judicial immunity and suit may not be maintained against him.[4]  Therefore, plaintiff's motion to amend to include J. Clark Kelso is denied inasmuch as Kelso is entitled to quasi-judicial immunity.  The denial is without prejudice should plaintiff be able to plead specific factual allegations demonstrating that Kelso is not entitled to quasi-judicial immunity.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's July 25, 2012 motion (dkt. no. 14), construed as a motion to amend, is denied without prejudice.

DATED: September 7, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stev0239.mta

---

[4] Even if plaintiff were granted leave to amend his complaint so as to allege that Kelso was aware of plaintiff's medical needs and failed to act upon that knowledge, it appears those allegations would similarly entitle Kelso to absolute quasi-judicial immunity because plaintiff would again be alleging that Kelso failed to act within his official capacity as receiver of the health care system.  Moreover, plaintiff's claims are proceeding as to defendants Cate, Vimal, and Bick.  Should plaintiff prevail in this action, the court can require those defendants to ensure plaintiff is provided relief.  See Kosilek v. Spencer, 2012 WL 3799660 (D. Mass. Sept. 4, 2012) (ordering Commissioner of Massachusetts Department of Corrections to provide relief).