IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYRALISA LAVENA STEVENS,

    Plaintiff,                    No.  2:12-cv-0239 GEB KJN P

    vs.

MATTHEW CATE, et al.,         ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS[1]

I. Introduction

      Plaintiff, a state prisoner incarcerated at the California Medical Facility ("CMF"), proceeds in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges she is a male-to-female transgender inmate who suffers from Gender Identity Disorder ("GID").  (ECF No. 10 at 3-4.)  Plaintiff seeks an order requiring defendants to provide plaintiff with sex reassignment surgery ("SRS") and to house plaintiff safely in a women's prison or alternatively, to house her safely.  (ECF No. 10 at 3, 27.)

      Pending is defendant Cate's motion to dismiss this action, on the grounds that plaintiff's claims are:  (1) precluded under the doctrine of res judicata; (2) fail to allege facts sufficient to

---

[1] This action is referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

1  support her claim of deliberate indifference to a serious medical need; (3) alternatively barred by
2  the statute of limitations; and (4) plaintiff is a represented plaintiff in the class action of Plata v.
3  Brown, 131 S. Ct. 1910, 1926 (2011), and thus plaintiff's claims for injunctive relief must be
4  brought through class counsel.  Plaintiff opposes the motion.  Defendant Cate filed a reply to
5  plaintiff's opposition.  On April 12, 2013, defendant Singh joined in defendant Cate's motion to
6  dismiss, and on June 4, 2013, plaintiff filed an opposition.  Defendant Singh did not file a reply.[2]

7       For the reasons that follow, the undersigned recommends that defendants' motion to
8  dismiss be granted with prejudice as this action is barred by the doctrine of res judicata.

9  II.  Defendants' Motion to Dismiss

10      A.  Affirmative Defenses

11      Defendants contend that the instant action is precluded under the doctrine of res judicata,
12 because there was a final judgment on the merits of plaintiff's claims in In re Lyralisa Lavena
13 Stevens, Case No. A126466 (California Court of Appeal, First Appellate District), and Case No.
14 S196925 (California Supreme Court).  (ECF No. 26-1 at 5-6.)  Defendants also contend that this
15 action is barred by the statute of limitations.  (ECF No. 26-1 at 8-10.)

16      These affirmative defenses may be raised in a motion to dismiss "when, as here, the
17 defense raises no disputed issues of fact."  Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir.
18 1984) (citations omitted); see also 5 Charles Alan Wright et al., Federal Practice & Procedure
19 § 1277 (3d ed. 2011).

20      In the instant case, the parties do not dispute that they litigated a nearly identical case in
21 California state court.  Indeed, plaintiff relies extensively on her briefing from the state habeas
22 action, and appended copies of the briefing by both sides in the state court action to support the
23 instant complaint.  (See ECF Nos. 10 & 10-1, *passim*.)  Accordingly, there is no required factual

---

[2] One other defendant, Dr. Joseph Bick, was ordered served with process; however, service of process was returned unexecuted marked, "per facility – [Dr. Bick] is on sabbatical for one year and is unreachable."  (ECF No. 23.)

2

inquiry that would bar reaching the merits of defendants' motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

        B.  Request for Judicial Notice

A court's consideration of matters of judicial notice or of material incorporated by reference into a complaint will not necessarily convert a motion to dismiss into a motion for summary judgment. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment."). Under this doctrine, courts may take judicial notice of adjudicative facts that are "'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" Id. at 909 (quoting Fed. R. Evid. 201(b)(2)). In a preclusion context, a federal court may "[take] judicial notice of a state court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for res judicata purposes." Manufactured Home Cmtys. Inc. v. City of San Jose, 420 F.3d 1022, 1037 (9th Cir. 2005); see also Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of a California Court of Appeal opinion "and the briefs filed in that proceeding and in the trial court" for the purposes of ruling on issue preclusion).

The court finds that the materials accompanying defendant Cate's request for judicial notice are encompassed by the rule articulated in Manufactured Home Communities Inc. All of the exhibits covered by defendant Cate's request for judicial notice are court documents of one type or another. (See ECF No. 27.) As such, the accuracy of their contents cannot be reasonably questioned, and plaintiff does not question their authenticity. See Ritchie, 342 F.3d at 909; ECF No. 29 at 9-12 (plaintiff's arguments against defendants' motion to dismiss). In addition, the materials are "helpful for examining the claims litigated in state court," Manufactured Home Cmtys. Inc., 420 F.3d at 1037, and are essential for the court to make a reasoned judgment about the claim-preclusive effects of plaintiff's state case. Finally, with her initial filing, plaintiff

provided a copy of the December 14, 2011 denial by the California Supreme Court (ECF No. 1 at 7), which is the same document submitted by defendants as their exhibit B (ECF No. 27-2 at 2.)

Accordingly, the court takes judicial notice of the state proceedings that resulted in dismissal of plaintiff's original state habeas petition.

III. Res Judicata

    1. Legal Standards

A motion to dismiss, based on res judicata grounds, is properly made pursuant to Federal Rule of Civil Procedure 12(b)(1). See, e.g., Gupta v. Thai Airways Intern., Ltd., 487 F.3d 759, 763 (9th Cir. 2007). However, the court applies California's law on claim preclusion to cases brought in federal court under 42 U.S.C. § 1983. "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980) (preclusion principles apply to claims brought in federal court under 42 U.S.C. § 1983); see also Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481-82 (1982) ("It has long been established that Section 1738[3] does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken."); Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

> Under California's claim preclusion doctrine "a valid, final judgment on the merits precludes parties or their privies from relitigating the same 'cause of action' in a subsequent suit" (Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110

---

[3] The Federal Full Faith and Credit statute, 28 U.S.C. § 1738 provides, in part: "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." Id.

4

Cal.App.4th 1161, 2 Cal.Rptr.3d 408, 415 (2003)).  Thus three requirements have to be met:  (1) the second lawsuit must involve the same "cause of action" as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit. . . .

San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009).

    2.  Analysis

        a.  Present and Prior Proceedings on the Same Causes of Action

Plaintiff does not dispute that this case and its state counterpart are based on the same causes of action.  Rather, plaintiff argues that res judicata is only used in some instances, that review of state court decisions is mandated by 28 U.S.C. § 1257, and that plaintiff "is entitled as a matter of right to a meaningful appeal in this court."  (ECF No. 29 at 9.)  Also, plaintiff argues that this court is not bound by other court's rulings pursuant to "stare decisis," and that res judicata does not apply because her habeas corpus petition was denied prior to Kosilek v. Spencer, 889 F.Supp. 2d 190 (D. Mass. 2012).[4]

Plaintiff's arguments are unavailing.  Although res judicata applies only when all elements are met, if the court finds that plaintiff is re-litigating claims that were previously decided on the merits by a final state court decision, and those claims were brought against the same parties or privies involving the same injury to plaintiff, this court is required to give the state court judgment the preclusive effects the judgment would be given by another court in California.  Brodheim, 584 F.3d at 1268.

Moreover, 28 U.S.C. § 1257 provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court

---

[4] In a lengthy, fact-intensive "Memorandum and Order on Eighth Amendment Claim," the Massachusetts district court entered judgment for Kosilek, who is a state prisoner serving life without the possibility of parole, and ordered defendant to take all actions reasonably necessary to promptly provide Kosilek with SRS.  Kosilek, 889 F.Supp.2d at 251.

5

by writ of certiorari. . . ." Id. Thus, under § 1257, plaintiff could have challenged the December 14, 2011 denial of the petition for review by the California Supreme Court by filing a petition for writ of certiorari in the United States Supreme Court. Section 1257 makes no provision for filing a new action in the district court. Therefore, plaintiff's right to a meaningful appeal[5] from the state habeas action was through a petition for writ of certiorari filed in the United States Supreme Court.

In addition, as argued by defendants, stare decisis means the opposite of plaintiff's contention – "As a general rule, the principle of stare decisis directs us to adhere not only to the holdings of our prior cases, but also to their explications of the governing rules of law." County of Allegheny v. ACLU Greater Pittsburgh Chapter, 492 U.S. 573, 668 (1989) (Kennedy, J., concurring in part and dissenting in part). For example, this court is bound by the holdings of the Court of Appeals for the Ninth Circuit, as well as the United States Supreme Court.

Finally, plaintiff's reliance on Kosilek is unavailing. 889 F.Supp. 2d at 190. Kosilek is an unpublished decision from the United States District Court for the District of Massachusetts, and thus is not binding on this court. Id. Moreover, the Kosilek decision is currently on appeal in the First Circuit Court of Appeals. Kosilek v. Spencer, Case No. 12-2194 (1st Cir.) (appeal argued April 2, 2013).

The court turns now to the standards required for evaluating whether the instant action and the state habeas action are based on the same causes of action.

---

[5] Indeed, if plaintiff intended this action to be an appeal of the state court's denial of her habeas corpus petition, this court would be required under Rooker-Feldman to sua sponte dismiss this action for lack of subject matter jurisdiction over such an appeal. Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court."); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (Rooker-Feldman "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."). Where Rooker-Feldman applies, a federal court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158.

> California law holds a final judgment of a state court "precludes further proceedings if they are based on the same cause of action." Maldonado v. Harris, 370 F.3d [945, 952 (9th Cir. 2004)]. Unlike the federal courts, which apply a "transactional nucleus of facts" test, "California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." Id.
>
> Under this theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003), citing Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n, 60 Cal.App.4th 1053, 1065, 71 Cal.Rptr.2d 77 (1998). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983) . . . .

Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009). Only those claims "that derive from the same primary right are precluded." Id. at n.2, citing Grisham v. Philip Morris U.S.A., Inc., 40 Cal.4th 623, 641, 54 Cal.Rptr.3d 735 (Cal. 2007). "What is critical to the analysis is the harm suffered; that the same facts are involved in both suits is not conclusive." San Diego Police Officers' Ass'n, 568 F.3d at 734 (internal quotation and citation omitted).

Unlike the situation in Brodheim, 584 F.3d at 1268, where the causes of action in Brodheim's federal and state court actions were distinct, here, plaintiff advances the identical claims in her section 1983 suit that she presented in her state habeas petition. Specifically, in both actions, plaintiff contended that defendants' refusal to provide her with SRS and to house her in a women's prison violated her Eighth Amendment rights, the California Constitution, and state law. (ECF No. 10 at 1, 26, 29 & 37.) Plaintiff bases her SRS and unsafe housing claims on the actual petition relied upon in the state habeas action – indeed, the bulk of her complaint is a photocopy of her petition from the state court action, which she incorporates into her form civil rights complaint. (ECF Nos. 10 at 6-42.) The affidavit and letter submitted by plaintiff's counsel

7

in the state habeas action, as well as the instant action (ECF Nos. 10-1 at 1-3 & 29 at 52), both pre-date the state court order finding that plaintiff was safely housed, and that plaintiff was not entitled to SRS. (ECF No. 27-1 at 2-3.)[6]  Also, plaintiff appended filings by both plaintiff and defendant Cate in the state habeas action. (ECF Nos. 10 & 10-1, *passim*.)  Finally, plaintiff seeks the same form of relief she sought in her state habeas action -- she asks the court to order defendant Cate to provide her with SRS, which would enable her to be safely housed in a women's prison, or, in the alternative, to address her safe housing concerns.  The fact that the previous state court case was a habeas action and the instant case is a federal civil rights action brought under 42 U.S.C. § 1983 is of no consequence, despite the different relief available in the two actions. Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981) (describing the difference in relief available in the state habeas case versus the federal section 1983 case as "unimportant.").  Thus, the court finds that plaintiff's instant claims are based on the same causes of action raised in her state habeas petition.

                b. <u>Final Judgment on the Merits</u>

First, this court finds the state court decision on plaintiff's request for SRS was final and on the merits.  In the state habeas proceeding, plaintiff claimed that defendants' refusal to provide her with SRS violated her Eighth Amendment rights, the California Constitution, and state law.  The state court of appeal specifically denied with prejudice plaintiff's argument that she is entitled to sex reassignment surgery. (ECF No. 27-1 at 2.)  The denial of plaintiff's petition for review, without comment, affirmed the lower court's finding. (ECF No. 27-2.)  Thus, the ultimate disposition of this issue at the state level was dismissal with prejudice. (ECF

---

[6] In her opposition to defendant Singh's joinder, plaintiff provided two medical records. (ECF No. 35 at 4-5.)  Plaintiff claims that the July 7, 2011 physician's request for service, allegedly recommended SRS. (ECF No. 35 at 4.)  However, this request for services also pre-dates the appellate court's September 21, 2011 denial of plaintiff's claim for SRS. The October 17, 2012 progress note issued by a nurse practitioner, simply notes a prior recommendation for SRS, and states that the nurse practitioner "will seek advice from Chief Medical Executive prior to submitting [request for surgery]." (ECF No. 35 at 5.)

1  Nos. 27-1, 2.)  Under California law, a dismissal with prejudice "will . . . operate as a bar to any
2  future action on the same subject matter."  Eileen C. Moore & Michael P. Thomas, California
3  Civil Practice Procedure § 22.95 (2011); see also Johnson v. Cnty. of Fresno, 111 Cal.App.4th
4  1087, 1095, 4 Cal.Rptr.3d 475 (2003) ("dismissal with prejudice bars a subsequent action on the
5  same claim between the parties and their privies.  And a consequent judgment of dismissal is a
6  final judgment on the merits, entitled to res judicata effect.").

7  Second, with regard to plaintiff's claim concerning safe housing, the state court of
8  appeals denied the claim, but "without prejudice to be renewed directly in [the California Court
9  of Appeals] if [plaintiff] is no longer single-celled, her reasonable safety is otherwise
10  compromised or her housing is materially changed to her detriment."  (ECF No. 27-1 at 3.)  The
11  appellate court expressly found that plaintiff's housing as of September 21, 2011, satisfied
12  constitutional requirements.  (ECF No. 27-1 at 3.)  And, although the state court of appeals
13  denied plaintiff's claim concerning unsafe housing without prejudice, the California Supreme
14  Court denied her petition for review in toto.  (ECF No. 1 at 7) ("The petition for review is
15  denied.").  Such ruling by the California Supreme Court was on the merits, and the record
16  reflects that the petition was fully litigated on the merits of plaintiff's safe housing claim.  See
17  Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992) (where California Supreme Court's
18  ruling stated only, "[p]etition for writ of habeas corpus DENIED[,] . . . the California Supreme
19  Court's summary order . . . was a denial on the merits of Hunter's constitutional claims. . . .").[7]

20  For all of these reasons, the court finds that the state court entered final judgment on the
21  merits of plaintiff's claims.
22  ////
23  ////

24  ———————
25  [7] Importantly, as noted by defendants, in the instant complaint plaintiff alleged no material changes to her housing situation since the September 21, 2011 decision by the California Court of Appeals.  Moreover, should plaintiff's housing situation materially change, the Court of
26  Appeals granted plaintiff leave to re-file such claims directly in the California Court of Appeals.

     c. Identity or Privity of Parties

The final element of California's claim preclusion rules -- identity of parties or privies against whom claim preclusion is asserted -- is also not disputed by plaintiff. Plaintiff occupies the same position in both suits. Moving defendant Cate is the party invoking claim preclusion against plaintiff, and was named as a defendant in plaintiff's federal complaint as well as plaintiff's state habeas petition. Thus, there is an identity of parties as to plaintiff and Cate.

However, two new defendants, Singh and Dr. Bick, were named in the instant action, but not specifically named in the state habeas proceeding.

The fact that the instant lawsuit includes defendants who were not named in plaintiff's state habeas proceeding does not obviate the res judicata bar so as to permit this lawsuit to go forward as to these new defendants. Res judicata applies to parties and their privies. In evaluating who is in privity to a party, "[t]he emphasis is not on a concept of identity of parties, but on the practical situation. The question is whether the non-party is sufficiently close to the original case to afford application of the principle of preclusion." People ex rel. State of Cal. v. Drinkhouse, 4 Cal. App. 3d 931, 937, 84 Cal. Rptr. 773 (1970). "The question of who is in privity with a party to an action varies with the circumstances of each case. Generally speaking, it connotes a person who is so identified in interest with another that he [or she] represents the same legal right. The interests of the two must be harmonious and not in conflict." Carden v. Otto, 37 Cal. App. 3d 887, 892 (1974); Burdette v. Carrier Corp., 158 Cal. App. 4th 1668, 1682-84 (2008); see Mooney v. Caspari, 138 Cal. App. 4th 704, 718 (2006) (privity refers to a "relationship between the party to be estopped and the unsuccessful party in the prior litigation which is sufficiently close so as to justify application of the doctrine of collateral estoppel.") (internal quotations and citations omitted).

First, plaintiff identifies defendant Singh as replacing Kathleen Dickinson as warden at CMF, and claims Singh, as warden, would contract for plaintiff's SRS, and be responsible for arranging plaintiff's transport for the SRS. (ECF No. 10 at 2, 3.) Warden Dickinson was named

as a defendant in the state habeas proceeding, and plaintiff alleged Dickinson was responsible for her confinement. (ECF No. 10 at 14.) Thus, both Dickinson and Singh, as wardens at CMF, were named based on such roles, and their interests are aligned, such that there is an identity or privity of parties, in connection with plaintiff's SRS claim.

Second, plaintiff alleges that defendant Dr. Bick "enter[ed] a declaration" that contested plaintiff receiving SRS, and argues that Dr. Bick was "unqualified to address the surgical content of SRS." (ECF No. 10 at 3.) Plaintiff did not name Dr. Bick as a defendant in the state habeas action. However, Dr. Bick's declaration was submitted in the state habeas proceeding in connection with plaintiff's claim that she is entitled to SRS. (ECF No. 10-1 at 27-31.) Therefore, Dr. Bick's actions in submitting the declaration in opposition to plaintiff's claims in the state habeas action were aligned with the defendants named in the state habeas action.[8] To the extent plaintiff argues that Dr. Bick was unqualified to make the declaration submitted in the state habeas proceeding, plaintiff should have challenged Dr. Bick's qualifications or the admissibility of such evidence in the state habeas proceeding. Because plaintiff's allegations as to Dr. Bick are directed to Dr. Bick's actions in the state habeas proceeding,[9] the court finds that defendant Dr. Bick is also in privity with the defendants named in the state habeas action.

////

---

[8] Indeed, in his January 12, 2011 declaration, Dr. Bick opined that "[o]ver the years, in addition to the hormone therapy [plaintiff] has received through CDCR to enhance and maintain feminization, she has participated in psychotherapy and been on psychoactive medications, but that she has refused or not needed those therapies for more than one year. The records from her treating providers indicate that she has not made a serious attempt or gesture at self-harm since 2003, and that, for at least the past several years, she has been considered to be stable, coping well, and not at risk of harming herself or others. From my perspective, her GID care has been adequate and successful." (ECF No. 10-1 at 29-30.)

[9] In her opposition, plaintiff also alleges, in conclusory fashion, that Dr. Bick was guilty of medical malpractice. (ECF No. 29 at 11.) However, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

For all of the above reasons, the court finds the third element of California's claim preclusion test satisfied as to defendants Cate, Singh, and Dr. Bick.

### d. Full and Fair Opportunity to Litigate Claims

The state habeas proceedings also offered plaintiff a full and fair opportunity for plaintiff's claims to be heard and determined, meaning that the state court's decision is entitled to full faith and credit under 28 § 1738. See Kremer, 456 U.S. at 481. Plaintiff does not challenge the sufficiency of the state court's procedures in adjudicating her habeas petition. Review of the appellate court's docket reflects that the state appellate court appointed counsel for plaintiff, ordered the state respondents to respond, sought an informal response from the Federal Receiver, J. Clark Kelso, and required further briefing.[10][11] Plaintiff provided copies of the briefing submitted in the state habeas proceeding, which demonstrate that the appellate court received extensive briefing, and confirm that plaintiff had a full and fair opportunity to litigate her claims in state court. (ECF Nos. 10 & 10-1, *passim*.) Thus, the state court's procedures were sufficient under the Fourteenth Amendment.

Therefore, this court finds that the record reflects that the state habeas court afforded plaintiff a full and fair opportunity to litigate her claims under federal standards. See Silverton, 644 F.2d at 1346-47.

////

////

---

[10] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir.), cert. denied, 131 S. Ct. 332 (2010). The address of the official website of the California state courts is www.courts.ca.gov.

[11] The court takes judicial notice of the docket sheet for plaintiff's habeas case filed in the California Court of Appeal, First Appellate District. (http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=1&doc_id=1923493&doc_no=A126466, accessed July 5, 2013).

   e. Conclusion

For all of the reasons set forth above, the court finds that the instant action is subject to the res judicata bar because plaintiff is attempting to re-litigate the specific claims she raised in the state habeas action, relying on the same evidence heard by the state court. After extensive briefing, the state court addressed these claims on the merits. Thus, the instant action is barred by the doctrine of res judicata. Since any amendment would be futile, in light of the res judicata bar, the dismissal of these specific and duplicative claims should be without leave to amend. See, e.g., California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (reasons for denying leave to amend include futility).

However, in connection with plaintiff's safe housing claims, recognizing that plaintiff's housing situation may change, the court finds that the res judicata bar only applies to plaintiff's housing claims through the December 14, 2011 denial by the California Supreme Court. Should plaintiff's housing situation materially change to plaintiff's detriment, as more fully described in the California Court of Appeal's September 21, 2011 order, plaintiff may file those claims in the California Court of Appeal, First Appellate District. (ECF No. 27-1 at 2.)

IV. Alternative Grounds

Because the court finds that plaintiff's claims against defendants Cate and Singh are barred by the doctrine of res judicata, the court need not address defendants' alternative arguments.

V. Leave to Amend to Allege Different Claims

In plaintiff's opposition to defendant Singh's joinder in the motion to dismiss, plaintiff provided copies of grievances in which she claims she was attacked, and a copy of a third level decision addressing plaintiff's claim that a librarian denied plaintiff access to the courts. The court will address these in order.

Plaintiff's documents identified four separate incidents suffered by plaintiff:

1. Plaintiff was interviewed on December 10, 2012, in connection with plaintiff's appeal

stating that plaintiff was "hit by an unidentified inmate that uses the name of Larry." (ECF No. 35 at 23.) During the interview, plaintiff explained that as she was sitting by her cell waiting for the cell to be unlocked, she was struck in the left leg by inmate Robinson as Robinson walked by. (Id.) Plaintiff also claimed that "inmate Larry attacked me on my left leg." (Id.)

    2. On December 24, 2012, plaintiff was allegedly struck by an inmate worker in B-1 clinic. (ECF No. 35 at 17, 21, 42.)

    3. On January 15, 2013, plaintiff filed an appeal claiming she was kicked by an inmate on January 14, 2013. (ECF No. 35 at 7, 9, 11.)

    4. On March 18, 2013, plaintiff alleged an inmate hit her. (ECF No. 35 at 37.)

If plaintiff is now claiming that these attacks demonstrate a material change in housing based on being transgender and needing safe housing in a women's prison, plaintiff must re-file these claims in the California Court of Appeals, First Appellate District, as provided in such court's September 21, 2011 order. (ECF No. 27-1 at 2-3.)

However, if plaintiff is attempting to bring a new claim, alleging prison officials failed to protect her from a specific incident in violation of the Eighth Amendment, plaintiff must first exhaust her administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Here, the instant action was filed on January 30, 2012, long before any of these alleged incidents occurred. Thus, in order to challenge an incident for which plaintiff has subsequently

exhausted administrative remedies, plaintiff must file a new civil rights action.

Similarly, plaintiff's new claim that a librarian allegedly denied plaintiff access to the courts was exhausted on January 17, 2013, after this action was filed on January 30, 2012. As set forth above, plaintiff must exhaust her administrative remedies prior to filing in federal court. Thus, plaintiff must file a new action if she wishes to pursue her claims against the librarian.

Because plaintiff has been allowed to amend once as a matter of right, but the claims raised in the amended complaint are barred by the doctrine of res judicata, and plaintiff identifies no other, cognizable civil rights claims that were exhausted prior to the filing of this action, the court will not grant plaintiff leave to amend.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the request for judicial notice (ECF No. 27) is granted; and

IT IS RECOMMENDED that:

1. The motion to dismiss (ECF No. 26) be granted; and

2. This action be dismissed as barred by the doctrine of res judicata.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stev0239.mtd